**FILED**
**MARCH 12, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**08 C 1466**

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHEN DISTRICT OF ILLINOIS

**JUDGE GETTLEMAN**
**MAGISTRATE JUDGE NOLAN**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. |
| ) | |
| IRMA MELENDEZ, individually, ) | |
| d/b/a/ Income Tax Service, ) | |
| ) | **J. N.** |
| Defendant. ) | |
| _____ ) | |

**COMPLAINT FOR PERMANENT INJUNCTION**

This is a civil action brought by the United States to permanently enjoin defendant Irma Melendez from preparing federal income tax returns, amended federal income tax returns and other related documents and forms for others; advising, assisting, counseling, or instructing anyone about the preparation of a federal tax return; promoting tax-fraud schemes or encouraging taxpayers to attempt to evade the assessment or collection of their correct federal tax; engaging in any activity subject to penalty under 26 U.S.C. §§ 6694 and 6695; and engaging in conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws.

**Jurisdiction**

1. This action has been requested by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and commenced at the direction of a delegate of the Attorney General, pursuant to 26 U.S.C. §§ 7401, 7402(a), 7407, and 7408.

2. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7401, 7402(a), 7407, and 7408.

3. The defendant Irma Melendez temporarily resides without the jurisdiction of this court.  She is amenable to the *in personam* jurisdiction of this court under the Illinois long-arm statute because the claims against Ms. Melendez arise from a business, Income Tax Service, that she conducts in Lake County, Illinois.  735 ILL. COMP. STAT. 5/2-209.

**Facts Common to All Counts**

4. Ms. Melendez prepares or assists in the preparation of federal income tax returns for other people for compensation.

5. Ms. Melendez operates a business that provides tax return-preparation services under the name Income Tax Service.

6. Ms. Melendez prepared 570, 730 and 970 federal income tax returns for clients of Income Tax Services for the tax years 2002, 2003, and 2004, respectively.  Currently, the number of returns that Ms. Melendez prepared for customers of Income Tax Service for tax year 2005 is unknown.

7. The Internal Revenue Service has examined 224 returns prepared by Ms. Melendez for the tax years 2000 through 2004.  Each of these examinations resulted in additional tax being owed by the taxpayer.

8. The returns that Ms. Melendez prepared for customers contained improper and inflated employee business expenses, including falsified business mileage, meals and uniform expenses as business expenses.  In additions, with respect to federal tax returns filed with a

Schedule E, Ms. Melendez has reported inflated improvements to rental properties as current expenses.

9. Ms. Melendez's actions cause harm to the United States and to the public.

10. The IRS has issued erroneous refunds based on fraudulent returns prepared by Ms. Melendez and has then had to audit Ms. Melendez's customers and take collection action to attempt to recoup the money.

11. The IRS has spent considerable time and resources auditing returns prepared by Ms. Melendez and collecting the taxes owed and erroneous refunds paid.

12. Ms. Melendez has also harmed her customers because they pay her to prepare these returns, and, after the fraud is detected, are responsible for paying all taxes, interest, and penalties.

13. Ms. Melendez has a history of violating federal tax laws. She was indicted on twenty-six counts of knowingly aiding and assisting in the preparation of false and fraudulent tax returns in violation of 26 U.S.C. § 7206(2). On May 11, 2007, Ms. Melendez pled guilty to one count of the indictment. She was subsequently sentenced to fifteen months imprisonment and one year of supervised release.

## Count I:
## Injunction under 26 U.S.C. § 7408 for Violation of 26 U.S.C. § 6701

14. The United States incorporates by reference the allegations in paragraphs 1 through 13.

15. A court is authorized to issue an injunction if an income tax preparer engages in conduct subject to penalty under 26 U.S.C. § 6701, pursuant to 26 U.S.C. § 7408.

16. Section 6701 penalizes any person (1) who aids or assists in, procures, or advises with respect to, the preparation or presentation of any portion of a return, affidavit, claim or other document; (2) who knows (or has reason to believe) that such portion will be used in connection with any material matter arising under the internal revenue laws; and (3) who knows that such portion (if so used) would result in an understatement of the liability for tax of another person.

17. Ms. Melendez prepares or assists in the preparation of federal income tax returns for her customers.

18. Ms. Melendez knows or has reason to believe that these income tax returns will be filed with the IRS and thus will be used in connection with a material matter arising under the internal revenue laws.

19. Ms. Melendez knows that the federal tax returns she prepares will result in understatements of other persons' tax liabilities.

20. If Ms. Melendez is not enjoined, she is likely to continue to engage in conduct which violates § 6701.

## Count II:
## Injunction under 26 U.S.C. § 7407 for Violation of 26 U.S.C. §§ 6694 and 6695

21. The United States incorporates by reference the allegations in paragraphs 1 through 20.

22. A court is authorized to issue an injunction if an income tax return preparer engages in conduct subject to penalty under 26 U.S.C. § 6694 or § 6695, pursuant to 26 U.S.C. § 7407.

23. Section 6694(a) penalizes a tax return preparer if (1) the preparer prepares a return or claim for refund that includes an understatement of liability due to a position for which there is not a realistic possibility of being sustained on the merits; (2) the preparer knew (or reasonably should have known) of such position; and (3) the position was not disclosed in accordance with § 6662(d)(2)(B)(ii) or was frivolous.

24. Section 6694(b) penalizes a tax return preparer who prepares a return or claim with an understatement of liability (1) in a willful attempt to understate the liability or (2) with a reckless and intentional disregard of rules or regulations.

25. Ms. Melendez's conduct as described above is subject to penalty under §§ 6694(a), and 6694(b).

26. Ms. Melendez has prepared income tax returns that include understatements of her customers' liability which had no realistic possibility of being sustained on the merits; Ms. Melendez knew or reasonably should have known about these understatements; Ms. Melendez did not disclose them in accordance with 26 U.S.C. § 6662(d)(2)(B)(ii); and such understatements are frivolous. Ms. Melendez has thus engaged in conduct subject to penalty under § 6694(a).

27. Ms. Melendez prepares returns for customers with false entries in a willful attempt to understate the customers' liability or with a reckless and intentional disregard of rules and regulations. Ms. Melendez has thus engaged in conduct subject to penalty under § 6694(b).

28. Ms. Melendez has continually and repeatedly engaged in conduct that violates §§ 6694. An injunction merely prohibiting Ms. Melendez from engaging in conduct subject to penalty under § 6694 would not be sufficient to prevent her interference with the proper administration of the tax laws. Accordingly, Ms. Melendez should be permanently enjoined from acting as an income tax return preparer.

### Count III:
### Injunction under I.R.C. § 7402(a) for Unlawful Interference
### with Enforcement of the Internal Revenue Laws
### and Appropriateness of Injunctive Relief

29. The United States incorporates by reference the allegations in paragraphs 1 through 28

30. A court is authorized to issue orders of injunction as may be necessary or appropriate to enforce the internal revenue laws, pursuant to 26 U.S.C. § 7402(a).

31. Section § 7402(a) expressly provides that its injunction remedy is "in addition to and not exclusive of" other remedies for enforcing the internal revenue laws.

32. Ms. Melendez, through the actions described above, has engaged in conduct that interferes substantially with the enforcement of the internal revenue laws.

33. Ms. Melendez's conduct causes irreparable harm to the United States and to her customers.

34. Ms. Melendez is causing and will continue to cause substantial revenue losses to the

United States Treasury, much of which may be unrecoverable.

35. If Ms. Melendez is not enjoined, she is likely to continue to engage in conduct that interferes with the enforcement of the internal revenue laws.

36. The United States will suffer irreparable injury if Ms. Melendez is not enjoined. This outweighs the harm to Ms. Melendez from being enjoined from return-preparation and violating tax laws.

37. The public interest would be advanced by enjoining Ms. Melendez because an injunction will stop her illegal conduct and the harm that conduct is causing to the United States Treasury.

WHEREFORE, the United States of America, prays for the following:

A. That the Court find that Ms. Melendez has engaged in conduct subject to penalty under 26 U.S.C.§ 6701, and that injunctive relief under 26 U.S.C. § 7408 is appropriate to prevent a recurrence of that conduct;

B. That the Court find that Ms. Melendez has continually and repeatedly engaged in conduct subject to penalty under 26 U.S.C. §§ 6694, and that, pursuant to 26 U.S.C. § 7407, an injunction prohibiting such conduct would not be sufficient to prevent Ms. Melendez's interference with the proper administration of the tax laws and that Ms. Melendez should be enjoined from acting as an income tax return preparer;

C. That the Court find that Ms. Melendez is interfering with the enforcement of the internal revenue laws and that injunctive relief is appropriate to prevent the recurrence of that conduct pursuant to 26 U.S.C. § 7402(a) and the Court's inherent equity powers;

    D.  That this Court, pursuant to 26 U.S.C. § 7408, enter a permanent injunction prohibiting Ms. Melendez, individually and doing business as Income Tax Service or under any other name or using any other entity, and her representatives, agents, servants, employees, attorneys, and those persons in active concert or participation with her, from directly or indirectly:

    1.    Engaging in activity subject to penalty under 26 U.S.C. § 6701, including aiding or assisting in, procuring, or advising with respect to, the preparation or presentation of any portion of a return, affidavit, claim or other document; knowing (or having reason to believe) that such portion will be used in connection with any material matter arising under the internal revenue laws; and knowing that such portion (if so used) would result in an understatement of the liability for tax of another person; and

    2.    Engaging in any other activity subject to penalty under 26 U.S.C. § 6701 or any other provisions of the Internal Revenue Code.

    E.  That this Court, pursuant to 26 U.S.C. § 7407, enter a permanent injunction prohibiting Ms. Melendez, individually and doing business as Income Tax Service or under any other name or using any other entity, and her representatives, agents, servants, employees, attorneys, and all persons in active concert or participation with her, from directly or indirectly acting as a federal income tax return preparer;

    F.  That this Court, pursuant to 26 U.S.C. § 7402(a), enter a permanent injunction prohibiting Ms. Melendez, individually and doing business as Incomes Tax Service or under any other name or using any other entity, and her representatives, agents, servants, employees, attorneys, and those persons in active concert or participation with her, from directly or indirectly:

1. Preparing or assisting in the preparation of any federal tax return for anyone other than herself;

2. Advising, counseling, or instructing anyone about the preparation of a federal tax return;

3. Owning, managing, controlling, working for, or volunteering for a tax-return-preparation business;

4. Representing customers in connection with any matter before the IRS; and

5. Engaging in other similar conduct that substantially interferes with the administration and enforcement of the internal revenue laws.

G. That this Court, pursuant to 26 U.S.C. § 7402(a), require Ms. Melendez at her own expense to contact by mail all customers for whom she has prepared federal tax returns or assisted in preparing tax returns, and send them a copy of this Complaint and the permanent injunction order, and to certify to the Court within eleven days of entry of the permanent injunction that she has complied with this provision;

H. That this Court require Ms. Melendez to provide the United States with a list of everyone for whom she has prepared (or helped to prepare) a federal tax return for the years 2002 through 2006 and set forth on said list all of the names, addresses, e-mail addresses, telephone numbers, and social security numbers of the customers.

I. That this Court permit the United States to conduct post-judgment discovery to ensure Ms. Melendez's compliance with the permanent injunction; and

J. That this Court grant the United States such other relief, including costs, as is just and equitable.

Respectfully submitted,

PATRICK FITZGERALD
United States Attorney


*/s/ Pamela Grewal*

PAMELA GREWAL
LISA L. BELLAMY
Trial Attorneys, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C.  20044-0055
Telephone: (202)-307-6403 (Grewal)
            (202) 307-6416 (Bellamy)
Facsimile:  (202) 514-5238
E-Mail: pamela.grewal @usdoj.gov
        lisa.l.bellamy@usdoj.gov